UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00090-GNS

DEVELOPERS SURETY AND
INDEMNITY COMPANY                                                                                    PLAINTIFF

v.

RENAISSANCE VALLEY FARMS, LLC, et al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant/Third-Party Plaintiff's, DKCD, Inc., Cooper Farms, LLC, ("Cooper Farms"), Motion for Partial Reconsideration. (Def's./Third-Party Pl.'s Mot. for Partial Recons. [hereinafter Third-Party Pl.'s Mot. for Partial Recons., DN 151). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

This action was initially brought to enforce a surety bond issued by Plaintiff Developers Surety and Indemnity Company ("Developers") to Cooper Farms for the purpose of establishing infrastructure improvements to the Cooper Farms subdivision located in Jefferson County, Kentucky. On August 6, 2014, the Court rendered Partial Summary Judgment in favor of Third-Party Defendant, Ball Homes, LLC. (Order, DN 150). On September 29, 2014, Cooper Farms filed its Motion for Partial Reconsideration. (Third-Party Pl.'s Mot. for Partial Recons., DN 151).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00. The Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

## III. STANDARD OF REVIEW

Motions for reconsideration are analogous to a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *Cobb v. City of Detroit Common Council*, 897 F.2d 529, 1990 WL 25055, at *1 (6th Cir. 1990) (unpublished table decision) (citations omitted). "[A] court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted). "Motions to alter or amend a judgment pursuant to Rule 59(e) are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. 2007) (internal quotation marks omitted) (citations omitted). "If the purpose of a movant's Rule 59(e) motion is merely to obtain a total reversal of the Court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal." *Matthews v. Roberts*, No. 3:13-CV-00503, 2014 WL 1057056, at *1 (W.D. Ky. 2014). (citation omitted).

## IV. DISCUSSION

Cooper Farms presents essentially the same arguments it raised in response to Ball Homes' Motion for Summary Judgment. (Third-Party Pl.'s Resp. to Mot. for Summ. J., DN 133). Therefore, Cooper Farms has not shown a "clear error of law" or "manifest injustice" in its

Motion for Partial Reconsideration. (Third-Party Pl.'s Mot. for Partial Recons., DN 151). Accordingly, Cooper Farms' motion is denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Coopers Farms, LLC's Motion for Partial Reconsideration (DN 151) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
August 31, 2015

cc: counsel of record